IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TRAUOVES WATSON                                                             PLAINTIFF

v.                          Civil No. 4:17-cv-4108

SERGEANT BYRON GRIFFIE,
Miller County Detention Center (MCDC);
CORPORAL CORNETT, MCDC;
OFFICER BROWN; and OFFICER EDWARDS            DEFENDANTS

## ORDER

Before the Court is Plaintiff Trauoves Watson's failure to obey an order of the Court. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on November 30, 2017. (ECF No. 1). Plaintiff supplemented his Complaint on June 12, 2018. (ECF No. 38). On September 6, 2018, Defendants Sergeant Byron Griffie, Corporal Cornett and Officer Brown filed a Motion for Summary Judgment.[1] (ECF No. 41). That same day, the Court entered an order directing Plaintiff to file a Response to Defendant's motion on or before September 27, 2018. (ECF No. 44). Plaintiff was advised in this order that failure to respond by the Court's imposed deadline would subject this case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2). To date, the order has not been returned to the Court as undeliverable and Plaintiff has not responded to Defendant's Motion for Summary Judgment.

---

[1] Officer Edwards was never served and, consequently, he was terminated as a defendant on June 13, 2018. (ECF No. 39).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an order of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 2nd day of November, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge